UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>               Petitioner,<br><br>vs.<br><br>WARDEN GROMER, MINNEHAHA CO. JAIL; AND MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>               Respondants. | 4:15-CV-04168-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on petitioner Diw Bol Kiir's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge. The court recommends dismissal of Mr. Kiir's petition without prejudice as explained below.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Proceedings states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge

> must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Consistent with the duty imposed on this court by Rule 4 above, the court has examined Mr. Kiir's petition and determined that it cannot proceed. Mr. Kiir is currently in the custody of the Minnehaha County Jail. See Docket No. 1. He was convicted on October 7, 2015 of several misdemeanor and felony crimes. Id. He has not yet been sentenced in state court on these convictions. Id. The claims he presents for habeas relief are allegations that his convictions were obtained in violation of his constitutional rights. Id. Because the state courts have not yet imposed sentence on Mr. Kiir, he has also not yet pursued a direct appeal of his convictions nor has he filed a petition for habeas relief in state court. Id. In short, this federal habeas petition is the first forum in which Mr. Kiir has presented his constitutional claims.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the

disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). This rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.

"A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id.

A four-step analysis applies to determine whether a federal court can consider a habeas petition when the petitioner had not presented the claims to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988).

Initially, "the court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." Id.  If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. Id. (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)).  If a state remedy does not exist, the court must determine whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. (quoting Laws, 834 F.2d at 1415).  If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id.  The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. Id.

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).  It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179.  The petitioner must present both the factual and legal premises of the federal claims to the state court.

4

Smittie, 843 F.2d at 297 (citing Laws, 834 F.2d at 1412).  "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179.  This does not, however, require petitioner to cite "book and verse on the federal constitution."  Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).  The petitioner must simply make apparent the constitutional substance of the claim.  Satter, 977 F.2d at 1262.

"Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile."  Smittie, 843 F.2d at 297 (citing Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir. 1975)).  Here, Mr. Kiir has available state remedies—he can first pursue a direct appeal of his convictions and then, if he does not obtain relief through that avenue, he can file a petition seeking habeas relief in state court.  But he must wait until he is sentenced to begin these attacks on his convictions.  And he cannot bring a petition for habeas relief in this court until he has fully and fairly presented his constitutional claims to the state circuit court and state supreme court.

## CONCLUSION

Based on the foregoing, it is respectfully recommended that Mr. Kiir's petition pursuant to § 2254 be dismissed without prejudice to Mr. Kiir's right to refile such a petition in the future after he has satisfied the requirement of exhaustion of his claims before the South Dakota state courts.

5

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 4th day of November, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge