UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN GROMER, MINNEHAHA CO. JAIL; AND MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　Respondents. | 4:15-CV-04168-KES<br><br>MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, DENYING MOTION FOR BOND HEARING, AND GRANTING IFP |

　　　　Petitioner, Diw Bol Kiir, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 3, 2015. In his petition, he seeks to challenge his state court convictions.

## FACTUAL BACKGROUND

　　　　The matter was referred to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed without prejudice because Kiir has not exhausted his state court remedies. Docket 5.

　　　　Kiir did not object to this recommendation, but he did file a motion to amend his petition to add Ground V alleging that he has not received his mail

in a timely manner. Docket 8. Additionally, Kiir moves for a bond hearing. Docket 7.

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se [filing] must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

## DISCUSSION

### I.  Kiir Has Not Exhausted His State Court Remedies.

Kiir admits in his petition for habeas corpus relief that he has not filed an appeal in state court or a state habeas corpus petition. Docket 1. Because a federal court may not consider a claim for relief in a habeas corpus action until the petitioner has exhausted his state remedies, this court does not have jurisdiction to hear Kiir's petition.  This court adopts in full Magistrate Duffy's report and recommendation on this issue.

## II. Motion to Amend.

Kiir moves to amend his petition to add Ground V that alleges that he has not been receiving his mail in a timely manner. Motions to amend should be freely given in order to promote justice but may be denied when such an amendment would be futile. *Plymourth County, Iowa v. Merscorp, Inc.,* 774 F.3d 1155, 1160 (8th Cir. 2015). Kiir's allegation – that he has not timely received his mail – is not relevant in his federal habeas corpus action.  Kiir has not exhausted his state court remedies and his failure to receive his mail in a timely manner does not change his failure to exhaust. Because the proposed amendment to his federal habeas petition would be futile, Kiir's motion to amend is denied.

## III.   Motion for Bond Hearing.

Kiir requests a bond hearing. Kiir has not cited to any legal authority, and the court is not aware of any legal authority that grants it jurisdiction to conduct a bond hearing on a matter that is pending in state court. The motion is denied.

## IV.   In Forma Pauperis Status

Kiir filed a motion seeking in forma pauperis status.  He also filed a certificate signed by an authorized officer of the Minnehaha County jail that states that Kiir's current balance in his account is $.12, his average monthly deposits were $44.08, and his average monthly balance was $31.09. He receives no wages. The filing fee for this action is $5. 28 U.S.C. § 1914(a). The

3

court determines that Kiir is not capable of paying the $5 filing fee. Thus, Kiir is granted in forma pauperis status. Therefore, it is ORDERED

1. Kiir's motion for in forma pauperis status (Docket 2) is granted.
2. Magistrate Judge Duffy's report and recommendation (Docket 5) is adopted.
3. Kiir's petition is dismissed without prejudice.
4. Kiir's motion for bond hearing (Docket 7) is denied.
5. Kiir's motion to amend his petition for writ of habeas corpus (Docket 8) is denied.

Dated February 24, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE